IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JORGE DELFIN APONTE, et al.**,

   Plaintiffs,

      v.                                 **CIVIL NO. 02-1787 (JAG)**

**JOHN E. POTTER, General Postmaster of the United States of America**, et al.,

   Defendants.

**REPORT AND RECOMMENDATION**

Before the Court is John E. Potter's ("defendant") *Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, For Summary Judgment*. (Docket No. 72), requesting the dismissal of the claims brought against him by plaintiffs Jorge Delfín-Aponte, et al. (jointly referred to as the "plaintiffs"). For the reasons set forth herein, the Court **RECOMMENDS** that Ideal's *Motion to Strike* be **GRANTED** in part and **DENIED** in part.

**I. PROCEDURAL BACKGROUND**

On May 24, 2002, the plaintiffs filed the present action seeking declaratory, injunctive, and monetary relief against the defendants for alleged violations of the Fair Labor Standards Act and Title VII of the Civil Rights Act. ¶¶ 1-3, *Statement of Uncontested Facts*, p.1-2 (Docket No. 72).[1] Thereafter, the Court dismissed the claims of the conjugal partners and partnerships, as well as the Title VII claims, all pension claims of the retiree class, and claims against co-defendant Robert Pérez de León. (Docket Nos. 34, 41 and 70). ¶ 8-11, *Statement of Uncontested Facts*, p.1-2 (Docket No. 72).

---

[1] After the filing of the complaint, 108 additional Postal Service employees filed consents to opt-in to the FLSA litigation pursuant to 29 U.S.C. § 216 (b). ¶ 6, *Statement of Uncontested Facts*, p.1-2 (Docket No. 72).

**CIVIL NO. 02-1787 (JAG)** 2

## II. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Pagano v. Frank, 983 F.2d 343, 347 (1st Cir.1993); Lipsett v. University of Puerto Rico, 864 F.2d 881, 894 (1st Cir.1988). See also Velázquez Hernández, Jorge, The Federal Rules of Evidence, Civil and Criminal Procedure, As Interpreted by the First Circuit Court of Appeals and the U.S. District of Puerto Rico, p.202-212 (2000).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir.1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir.1989); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. Mack, 871 F.2d at 181.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non- moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that [it] can produce the quantum of evidence [necessary] to enable [it] to reach the jury with [its] claim." Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir.1975), cert. denied, 425 U.S. 904 (1976). The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 288-89 (1968), reh'g denied, 393 U.S. 901 (1968).

**CIVIL NO. 02-1787 (JAG)**                               3

### III. LEGAL ANALYSIS

I.

At the outset, the Court notes that it is undisputed that the Court lacks subject matter jurisdiction over the case, pursuant to 28 U.S.C. §§ 1346, 1491. See *Motion for Summary Judgment*, p. 9-15 (Docket No. 72); *Opposition to Motion for Summary Judgment*, p. 3 (Docket No. 80). However, both parties request varying remedies as a result of the Court's lack of jurisdiction. The defendants request that "in the interest of justice" the Court dismiss the claims rather than transfer the case, alleging that the plaintiffs' case is "meritless." *Motion for Summary Judgment*, p. 15-19 (Docket No. 72). Plaintiffs acquiesce to the transfer for lack of subject matter jurisdiction, but claim that as a result, no substantive ruling is warranted. *Opposition to Motion for Summary Judgment*, p. 3 (Docket No. 80). Consequently the prime issue before the Court is whether the defendants' claims are so unfounded to justify outright dismissal in lieu of transfer.

The complaint alleges that Unites States Postal Service ("USPS") employees in Puerto Rico are underpaid overtime work as a result of the erroneous use of the "basic rate" amount to calculate said overtime rate. ¶ 18, *Complaint*, p. 5 (Docket No. 1). The basic rate is defined in the complaint as "the normal hourly wage paid to an employee not including special bonuses and adjustments." ¶ 12, Id., p. 4.

The plaintiffs contend that the proper calculation of their overtime rate requires the use of the so-called "regular rate", which is calculated by dividing "total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by [the employee] in that workweek for which such compensation was paid." 29 C.F.R. § 778.109; See ¶ 17, *Complaint*, p. 5 (Docket No. 1). Specifically, the plaintiffs allege that since the basic rate does not include the TCOLA allotment to which they are entitled,[2] contrary to the regular rate which does

---

[2] ¶ 13, *Complaint*, p. 4 (Docket No. 1); ¶ 11, *Statement of Uncontested Facts*, p. 3 (Docket No. 72).

**CIVIL NO. 02-1787 (JAG)**                4

incorporate TCOLA amounts, they are underpaid. ¶¶ 15-19, Id., p. 5-6.

The defendant counters by alleging that since July 1992, the USPS has implemented an overtime calculation formula to uniformly appraise the appropriate overtime rate for employees working outside the continental United States, and who are thus entitled to the TCOLA. *Motion for Summary Judgment*, p. 6 (Docket No. 72). The defendant alleges that, contrary to the plaintiffs' claims, USPS workers in Puerto Rico are paid overtime in the same manner as employees in fellow TCOLA jurisdictions Alaska and Hawaii. Id., 21. Hence, the defendants contend, since the plaintiffs state in their complaint that "overtime for [USPS] employees in Alaska and Hawaii are being calculated and paid as demanded in this complaint,"[3] once the uncontested evidence demonstrates that local workers are payed in the same manner, dismissal is appropriate. Id.

## II.

In support of their claim that the defendants are underpaying postal employees in Puerto Rico in light of Frank v. McQuigg, 950 F. 2d. 590 (9TH Cir. 1991), the plaintiffs presented two reports prepared by economist Jaime L. Del Valle ("Del Valle"), in which he states that overtime pay is being erroneously calculated. **Exhibit 1** (Docket No. 81). While there are issues as to the admissibility of said reports at this stage of the proceedings in light of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Court cannot conclude that the plaintiffs' case is meritless.

The Daubert court formulated a regime for use in ascertaining the admissibility of expert scientific evidence, pursuant to which the Court serves as a gatekeeper, determining "whether the reasoning or methodology underlying the proffered expert testimony is scientifically valid and whether the reasoning or methodology properly can be applied to the facts in issue." Cortés-Irizarry v. Corporación Insular de Seguros, 111 F. 3d. 184, 188 (1ST Cir. 1997) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)). "If proffered expert testimony fails to cross Daubert's threshold for admissibility, a district court may exclude that evidence when passing upon

---

[3] ¶ 19, *Complaint*, p. 5-6 (Docket No. 1).

**CIVIL NO. 02-1787 (JAG)**                                                                 5

a motion for summary judgment." <u>Cortés-Irrizary</u>, 111 F. 3d. at 188. However, in <u>Cortés-Irrizary</u>, the First Circuit went on to caution on the use of <u>Daubert</u> at the summary judgment stage. Specifically, the Court mandated that, "except when defects are obvious on the face of a proffer," a court should not "exclude debatable scientific evidence without affording the proponent of the evidence adequate opportunity to defend its admissibility." <u>Cortés-Irrizary</u>, 111 F. 3d. at 188.

Outright dismissal in a case such as the present where the Court lacks subject matter jurisdiction should only be granted when the claims are so patently frivolous as to constitute a waste of judicial resources. <u>See</u> <u>Charles v. Rice</u>, 28 F. 3d. 1312, 1321-22 (1ST Cir. 1994). While the plaintiffs have failed to proffer sufficient evidence as to the methodology used by Del Valle for the Court to give absolute credence to the reports as expert opinions, the reasoning contained in them, in addition to the Court's duty to dismiss only if the claim is meritless, all gravitate towards a conclusion that the matter should be transferred to the Court of Federal Claims.

## CONCLUSION

**WHEREFORE**, the Court hereby **RECOMMENDS** the defendants' *Motion to Dismiss or in the Alternative For Summary Judgment* (Docket No. 72) be **GRANTED** in part and **DENIED** in part.

Under the provisions of 28 U.S.C. § 636 and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>Davet v. Maccorone</u>, 973 F. 2d 22, 30/31 (1st Cir. 1992).

**IT IS SO RECOMMENDED**

**Date: January 13, 2005**                                                    S/ Gustavo A. Gelpí
                                                                                          **GUSTAVO A. GELPÍ**
                                                                                          **U.S. Magistrate Judge**