IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE DELPIN APONTE, et al., <br><br>**Plaintiff(s)** <br><br> v. <br><br> JOHN POTTER, U.S. Postmaster General, et al., <br><br> **Defendant(s)** | **CIVIL NO.** 02-1787 (JAG) |

**ORDER**

On September 30, 2004, defendants moved to dismiss this complaint or in the alternative for summary judgment on plaintiffs' claims (Docket No. 72). On December 2, 2004, plaintiffs' filed their opposition (Docket No. 80). On January 12, 2005, the motion was referred to Magistrate-Judge Gustavo A. Gelpi for a Report and Recommendation (Docket No. 90). On January 13, 2005, the Magistrate-Judge recommended that defendants' motion be granted in part and denied in part (Docket No. 96). On January 21 and 27, 2005 respectively, the parties filed their objections to the Report and Recommendation (Docket Nos. 97, 98).

The Magistrate-Judge found, as it is undisputed by the parties, that this Court lacks subject-matter jurisdiction over this case. Proper jurisdiction lies with the United States Court of Federal Claims. There is disagreement, however, as to the proper course of action. Plaintiffs request that the case be simply transferred to

Civil No. 02-1787 (JAG)                                                2

the United States Court of Federal Claims, while defendants request that the complaint be dismissed as meritless.[1]  Faced with these choices, the Magistrate-Judge recommended the transfer of the case because he did not believe plaintiffs' claims to be "so unfounded to justify outright dismissal in lieu of transfer." (Docket No. 96 at 3).  The parties' main objections are directed towards the Magistrate-Judge's appreciation of the merits of the case rather than the transfer of the case.

The issue now before the Court is solely that of jurisdiction. Accordingly, because the parties' objections are not related to that ruling, the Court will adopt the Magistrate-Judge's recommendation to transfer the case.  The Court will clarify, however, that because its only concern at this time is with jurisdiction, any characterization the Magistrate-Judge made about the case should not be understood in any way as an adjudication on the merits.  The Magistrate-Judge merely gave his reasons for recommending transfer rather than dismissal and his legal analysis should only be read in that very limited context.

Therefore, for the aforementioned reasons, the Court **ADOPTS** the Report and Recommendation and **GRANTS** in part and **DENIES** in part defendants' motion to dismiss (Docket No. 72).  The Clerk shall

---

[1]Thus, it seems the defendants would have a court without jurisdiction decide the merits of plaintiffs' claims.

Civil No. 02-1787 (JAG)                                                    3

transfer this case to the United States Court of Federal Claims forthwith.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 15th day of June 2005.

                                                <u>S/Jay A. Garcia-Gregory</u>
                                                JAY A. GARCIA-GREGORY
                                                United States District Judge